# IN THE UNITED STATES DISTICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTO TUTY RIVERA,                    :          CIVIL ACTION
    Petitioner,                          :
                                               :
    v.                                        :
                                               :
KENNETH CAMERON, et al.,        :          NO. 11-4676
    Respondents                        :

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE                                             January    25, 2013

UNITED STATES MAGISTRATE JUDGE

Before the Court for Report and Recommendation is the *pro se* petition of Justo Tuty Rivera ("Rivera" or "Petitioner") for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated at State Correctional Institute at Pine Grove in Indiana County, Pennsylvania, serving a sentence of twenty-two and one-half (22.5) years to forty-five (45) years in prison that arises out of a prosecution in the Bucks County Court of Common Pleas for attempted murder and other offenses.[1]  In his petition, he raises several claims of ineffective assistance of counsel and argues that his confession was obtained in violation of both his right to due process and his right to the effective assistance of counsel.  For the reasons set out within, we are unable to recommend that relief be granted.

---

[1] While Petitioner is currently confined within the Western District of Pennsylvania, which includes Indiana County, *See* 28 U.S.C. § 118(c), venue is proper here pursuant to 28 U.S.C. § 2241(d) in that his confinement grew out of a prosecution and conviction in a court of common pleas within the Eastern District of Pennsylvania.

# I.      FACTUAL AND PROCEDURAL BACKGROUND[2]

On December 4, 2007, Rivera pled guilty in the Court of Common Pleas of Bucks County to charges of attempted first degree murder, attempted rape, aggravated and simple assault, reckless endangerment, making terroristic threats, and for possessing an instrument of crime. The state post conviction collateral relief ("PCRA") court gave the following description of the events leading to the conviction:

> On June 8, 2007, officers from Bensalem Township Police Department responded to the Neshaminy Mall, located in Bucks County, Pennsylvania, to the area of the family restroom for the report of an assault with a knife. The victim advised the police that she had been working at the Dunkin' Donuts in the food court area of the mall and that she went to use the bathroom, which was a family bathroom. When the victim entered the family bathroom, the defendant was seated on a bench. The victim asked the defendant which bathroom was unlocked and he pointed to the right side. The victim entered the bathroom and as she was closing the door, the defendant approached her from behind, and grabbed her around the neck. The defendant said "[expletive] you, open yourself" to the victim and began to unbuckle his pants.

> The victim screamed and begged him to stop. The defendant then pulled out a knife and placed it against the victim's throat and began to cut her. The defendant told the victim that he was going to kill her and she grabbed the knife and in the process cut her hand. The victim began to scream and the defendant fled.

*Commonwealth v. Rivera*, No. 3301 EDA 2009, slip opin. at 1-2 (Bucks Ct. Com. Pl. Mar. 19, 2010) [St. Ct. Rec. Doc. 44] (citations omitted). The court then described Rivera's arrest:

> On June 9, 2007, Bensalem police received an anonymous call that identified the male actor as the defendant. Later that night, at police headquarters, the victim positively identified the defendant

---

[2] In preparing this Report, we have reviewed Rivera's *pro se* petition for the issuance of a writ of habeas corpus ("Pet.") (Doc. 6); the District Attorney of Bucks County's "Answer in Opposition to the Petition for Habeas Corpus Relief and Memorandum of Law in Support Thereof" ("Ans.") (Doc. 10); the original state court record that we received from the Clerk of Court of the Bucks County Court of Common Pleas ("St. Ct. Rec."); and the electronic docket ("St. Ct. Docket") *available at* http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-09-CR-0005697-2007.

> in a photograph lineup as the actor who assaulted her. Police apprehended the defendant in his home and recovered a white tank top with visible blood stains on it. Back at headquarters, Defendant admitted that he was at the mall and gave the following statement:
> I hurt somebody for no reason last night. I just decided to go to Neshaminy Mall. I got the knife from the apartment. Nothing special made me pick the Indian lady. I just saw her. . . . I was gonna rob and [expletive] the Indian lady. I didn't do it because she was making too much noise. I knew I cut her . . . . I undid my belt buckle because I was gonna [expletive] her. . . .

*Id*. at 2.

The court postponed sentencing by a few months so that Rivera could undergo sexual offender assessment pursuant to 42 Pa.C.S. § 9795.4. *Id*. at 3. Two weeks prior to sentencing, Rivera's trial counsel filed a "Motion to Withdraw Guilty Plea and Motion to Appoint Private Counsel." Counsel then withdrew the petition a few days later. *Id*. On March 18, 2008, Rivera was sentenced to an aggregate term of imprisonment of twenty-two and one-half (22.5) years to forty-five (45) years. *Id*. at 4. Rivera then filed a timely "Motion to Modify and Reconsideration of Sentence" on March 28, 2008. *Id*. The court denied the motion on July 3, 2008. Rivera did not file a direct appeal.

On July 6, 2009, proceeding *pro se*, Rivera filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq. [St. Ct. Docket.] The PCRA court appointed counsel. [St. Ct. Rec. Doc. 33.] PCRA counsel subsequently amended the petition to present two claims: (1) Rivera's trial counsel was ineffective because he threatened to abandon him if he did not plead guilty, and (2) trial counsel failed to file a direct appeal of Rivera's conviction. [St. Ct. Rec. Doc. 36.] The court denied the amended petition after a hearing on October 30, 2009. [St. Ct. Rec. Doc. 37.] Rivera appealed the decision to the Superior Court. Appointed counsel then sent the Superior Court a *Finley* letter, *see*

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988), requesting that he be permitted to withdraw as counsel in that he believed that Rivera's claims were without merit.  (Ans., Ex. B.)

On September 13, 2010, while the first PCRA appeal was pending with the Superior Court, Rivera filed a second *pro se* PCRA petition. [St. Ct. Rec. Doc. 46.]  At or around this time, he also filed a "Motion to vacate sentence nunc pro tunc" and a "Motion to restore appellate rights nunc pro tunc."  [St. Ct. Rec. Docs. 48, 49.]  The PCRA court denied the second petition and both motions for lack of jurisdiction, given that the first PCRA petition was still on appeal with the Superior Court.  [St. Ct. Rec. Docs. 50, 51.]

On May 24, 2011, the Superior Court affirmed the PCRA court's denial of Rivera's first PCRA petition and permitted PCRA counsel to withdraw.  [St. Ct. Rec. Doc. 55.]  Rivera sought no further appeal of that petition, but did subsequently file his third *pro se* PCRA petition on July 7, 2011.  [St. Ct. Rec. Doc. 54.]  The court appointed new PCRA counsel to Rivera on January 9, 2012.  [St. Ct. Docket.]  That petition is still pending in the state court.  *See* St. Ct. Docket.

On or about July 20, 2011, Rivera submitted the present *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Pet.) (Doc. No. 1) [St. Ct. Rec. Doc. 57.] This petition was referred to the undersigned for a Report and Recommendation on September 6, 2011.  (Doc. No. 4.)  Noticing that Rivera's petition failed to accurately state the status of his pending PCRA petition in state court and due to a significant discrepancy between the date Rivera signed the petition (September 16, 2010) and the date the petition was docketed (July 15, 2010), we ordered that he submit an amended petition to clarify these matters.  (Doc. No. 5.)  On October 3, 2011, Rivera filed an amended PCRA petition, which clarified the status of his pending PCRA petition, but failed to comment on or otherwise provide an explanation for the inconsistent dates.  (Doc. No. 6.)  For the reasons set out within however, we have determined

that the discrepancy with regards to the dates is not determinative of the timeliness of Rivera's petition.

In his petition, Rivera claims that trial counsel was ineffective for: (1) failing to conduct an investigation of the events surrounding his offense (2) failing to adequately investigate his mental health status at the time of his trial and to alert him to possible mental health defenses; (3) failing to move for the suppression of his confession; (4) failing to seek a mitigation of his sentence (5) threatening to abandon him as counsel if he chose to proceed to trial; and (6) failing to perfect his direct appeal rights as requested. (Pet. at 8, Doc. No. 6.) Rivera also claims that his confession was obtained in violation of his due process rights and his right to the effective assistance of counsel in that (7) he had been hospitalized for a suicide attempt hours before the confession and (8) he had been denied a request for counsel prior to the confession.[3] (Pet. at 10, Doc. No. 6.) For the reasons discussed within, we conclude that Rivera's petition was filed in a timely manner, but that six of the eight claims he has raised have been procedurally defaulted by

---

[3] Petitioner articulated these claims as two separate grounds as follows:

> Ground One: Ineffective Assistance of Counsel. . . . Trial counsel failed to adequately investigate events surrounding the offense, mental disorder based defenses, mitigation of punishment. Counsel was ineffective in failing to move for suppression of confession which could have been challenged under "Miranda" and due process doctrine of involuntariness. Counsel threatened to abandon petitioner as counsel if Petitioner did not enter plea and proceeded to trial instead. Counsel in advising Petitioner to enter plea deal failed to alert petitioner to possible mental defense. Counsel failed to perfect appeal as requested by Petitioner. . . . Ground Two: Suppression of confession which could have been alleged under Miranda and due process doctrine of involuntariness. . . . Coerced confession violative [sic] of Miranda Decision and 6th Amendment Right to counsel. Petitioner had just come out of a suicide attempt just mere hours after coerced confession while still in a state of shock from the suicide attempt. Petitioner did in fact ask Detective [] for a lawyer before confession.

(Pet. at 8-10). For the sake of clarity, we have divided his two grounds into eight separate claims.

his failure to properly exhaust them in state court. We first discuss the questions of timeliness and exhaustion, and then proceed to consider the two remaining claims on the merits.

## II.     DISCUSSION

### A.     Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one year period of limitation for filing of an application of a writ of habeas corpus. The statute provides:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondents contend that relief should be denied as the petition is untimely. (Ans. at 13.) We note at the outset that the Respondents appear to have used the wrong filing date of Rivera's

petition in their calculations.[4]   Respondents have incorrectly asserted that Rivera filed his petition on September 27, 2011.  *Id*. at 12.  We will, however, deem it to have been filed no later than July 20, 2011, given that it was docketed on July 25, 2011 (Doc. No. 1) and bears a July 20, 2011 post mark.[5]   As the Third Circuit has held, a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.[6]  *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).   We are prepared, for the purpose of considering timeliness, to consider this to have occurred not later than the July 20, 2011 post mark date.

To determine whether Rivera's current petition was nonetheless untimely, we must calculate the number of days that counted against Rivera under the limitations period imposed by AEDPA.  Petitioner entered into a guilty plea on December 4, 2007 and was sentenced on those charges on March 18, 2008.  [St. Ct. Rec. Docs. 11,19.]  He subsequently filed a "Motion to Modify and Reconsideration of Sentence" on March 28, 2008.  [St. Ct. Rec. Doc. 27.]  This motion was denied on July 3, 2008.  [St. Ct. Rec. Doc. 27.]  Under Pa.R.A.P. 903(a), he was permitted to file an appeal of that decision within thirty (30) days.  Rivera did not, however, avail himself of that option.  His judgment thus became final on August 2, 2008.

He then filed a timely PCRA petition on July 6, 2009.  [St. Ct. Docket.]  The PCRA Court denied Rivera's petition, and the Superior Court affirmed that decision on May 24, 2011.

---

[4] Petitioner's first petition for a writ of habeas corpus was docketed on July 25, 2011.  (Doc. No. 1.)  By an order dated September 15, 2011, we directed him to file an updated form petition by October 21, 2011 for clarification of the status of his pending PCRA petition in state court and to explain the significant discrepancy between the date he signed the petition and the date on which it was docketed.  (Doc. No. 5.)  In compliance with our order, Rivera submitted a second petition, which he certified on September 27, 2011.  (Doc. No. 6, at 19.)  We note that his first and second petitions contain identical claims.  We see no reason to deprive Petitioner of the benefit of his first filing date.

[5] We note that Petitioner dated the petition September 16, 2010, but the petition was not received by the Clerk of Courts until July 25, 2011.  (Doc. No. 1.)  We ordered Petitioner to provide a statement and any supporting evidence available to him with the date he transmitted the petition to prison officials (Doc. No. 5), but he failed to do so.

[6] We take notice of the circumstance that out-going mail from prisoners must be processed through prison officials.

*Commonwealth v. Rivera*, No. 3301 EDA 2009 slip opin. (Bucks Ct. Com. Pl. Mar. 19, 2010) [St. Ct. Rec. Doc. 44.]; *Commonwealth v. Rivera,* No. 3301 EDA 2009, slip opin. (Pa. Super Ct. May 24, 2011) [St. Ct. Doc. 55]. Petitioner was then permitted to seek allocatur with the Pennsylvania Supreme Court, but elected not to do so. Under Pa.R.A.P. 113(a)(1), he would have had thirty (30) days, or until June 23, 2011, to file such a petition.

Section 2244(d)(2) authorizes tolling of the limitations period for the period of time "during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Prior to July 6, 2009, when Rivera filed his first PCRA petition, he had used 338 of his 365 day limitations period. The limitations period was then tolled from July 6, 2009 until June 23, 2011. Rivera still had twenty-seven (27) days remaining, or until July 20, 2011, to file a habeas corpus petition. We deem the petition to have been filed on or before that last possible date. We thus conclude that the petition was timely and proceed to a consideration of whether the claims asserted have been properly exhausted in state court.

## B. Exhaustion and Procedural Default

A prerequisite to the issuance of a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment is that the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order for petitioner to satisfy this requirement and give the state courts "one full opportunity to resolve any constitutional issues," he must have "fairly presented" the federal claim to the state courts "by invoking one complete round of the established appellate review process." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requirement ensures that state courts have "an initial opportunity to pass upon and correct alleged violations of prisoners'

federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). If a bypassed state remedy is no longer available because it is time barred due to a state limitations period, the petitioner will be deemed to have procedurally defaulted those claims. *O'Sullivan*, 526 U.S. at 848. A claim is considered defaulted if the state court denied relief based upon a state procedural rule that was independent of the merits of the federal question presented and adequate to support the denial of relief, e.g., one that was consistently and regularly applied at the time the procedural default occurred. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Harris v. Reed*, 489 U.S. 255, 260 (1983).

Where a claim is procedurally defaulted, it cannot provide a basis for federal habeas relief unless the petitioner shows "cause of the default and actual prejudice as a result of the alleged violations of federal law, or [unless he] demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish cause, the petitioner must show "that some objective factor external to the defense impeded [] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner must show "actual prejudice resulting from the errors of which he complains." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To establish a fundamental miscarriage of justice, a petitioner must provide new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Cristin v. Brennan*, 281 F.3d 404, 412 (3d. Cir. 2002).

Respondents contend that Petitioner failed to properly exhaust six of his claims in state court, noting that he failed to file a direct appeal and only raised two of the issues included in the current petition in his PCRA petition and PCRA appeal to the Superior Court. (Ans. at 13-14.)

We agree.  Within his habeas petition, Rivera asserts eight claims.  He alleges ineffective assistance of counsel (1) for failing to conduct a pretrial investigation; (2) for failing to adequately investigate his mental health status at the time of his trial and to alert him to mental health defenses; (3) for failing to seek the suppression of his confession; (4) for failing to seek a mitigation of his sentence; (5) for threatening to abandon him as counsel if he chose to proceed to trial; (6) for failing to perfect his direct appeal rights as he requested; and also argues that his confession was unconstitutionally obtained because (7) he was hospitalized for a suicide attempt just hours before his confession was taken and; (8) his request to consult with counsel was denied.  (Pet. at 5-7.)

In order to determine whether these claims have been properly exhausted in state court, we must examine whether Rivera has "fairly presented" these claims to the state court "by invoking one complete round of the established appellate review process."  *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  We observe initially that Rivera did not file a direct appeal.  He did, however, file a timely PCRA petition, where he raised the following two issues:

> 1.  Trial counsel was ineffective in his representation of Petitioner in that he informed/threatened that he would abandon Petitioner if Petitioner did not plead guilty, thereby inducing a guilty plea that was not intelligently or voluntarily made.
>
> 2.  Trial counsel was ineffective for failing to file a direct appeal on Petitioner's behalf to the Superior Court.

(Amended PCRA Motion) [St. Ct. Doc. 36.]  The PCRA Court denied the Petition.  He then filed a timely appeal with the Superior Court where he raised the same two claims: ineffective assistance of counsel for abandonment and for failure to protect his appellate rights (claims 5 and

6).  The Superior Court dismissed the appeal.  These two claims have been properly exhausted and must, therefore, be considered on the merits.

The other six claims (claims 1-4 and 7-8) were not raised on direct appeal or on PCRA.  As a result, Petitioner did not "fairly present" these claims to the state courts "by invoking one complete round of the established appellate review process." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  These claims are therefore unexhausted as they are time barred and Petitioner can no longer raise them in state court.  They are thus procedurally defaulted.  See *O'Sullivan*, 526 U.S. at 848 (holding that if a state remedy is no longer available because it is time barred due to a state limitations period, the petitioner will be deemed to have procedurally defaulted those claims).

Procedurally defaulted claims can, however, provide a basis for federal habeas relief where Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[7]  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Here, in the habeas petition form, which instructs petitioners to explain any failure to exhaust state court remedies, Rivera asserted that, "Counsel failed to file direct appeal as instructed by Petitioner.  Petitioner sought nunc pro tunc restoration of appellate rights but was denied."  (Pet. at 9,11.)

---

[7] We note that Rivera may have had a potential argument for cause to excuse his failure to exhaust some of his claims, had he argued that his PCRA counsel was ineffective for failing to raise the claims of ineffective assistance of trial counsel, which we now deem defaulted.  Under *Martinez v. Ryan*, where ineffective assistance of trial counsel claims must be raised in an initial collateral review proceeding, procedural default will not bar federal habeas review if counsel in the initial collateral review proceeding was ineffective.  *See* 132 S. Ct. 1309, 1320, -- U.S. --- (2012).  We have examined Petitioner's Second and Third PCRA petitions and found no allegations of ineffective assistance of PCRA counsel for the precise reason of failing to raise the claims of ineffectiveness, which we have now deemed defaulted.  Thus, ineffective assistance of Rivera's PCRA counsel cannot be said to constitute "cause."

In considering the adequacy of this explanation, we note that the four procedurally defaulted claims (claims 1-4) were claims of ineffective assistance of counsel for: (1) failing to conduct a pretrial investigation; (2) failing to adequately investigate Petitioner's mental health and to assess possible mental health defenses; (3) failing to seek the suppression of Petitioner's confession; and (4) failing to seek mitigation of his sentence. In that these ineffective assistance claims could not have been raised on direct appeal, counsel's failure to file a direct appeal as to these claims was not relevant and cannot be deemed the "cause" of Petitioner's failure to exhaust. *See Commonwealth v. Barnett*, 25 A.3d 371, 377 (Pa. Super. Ct. 2011) (holding that absent further instruction from the Pennsylvania Supreme Court, the Superior Court would not hear claims of ineffective assistance of counsel on direct appeal absent an express, knowing, and voluntary waiver of PCRA review by a defendant)[8]. We note that Rivera did avail himself of the proper avenue to assert his claims of ineffective assistance by filing a timely PCRA petition. The petition, however, was limited to only claims 5 and 6 (pertaining to ineffective assistance by counsel's (5) threatened abandonment and (6) failure to file a direct appeal). He has not provided us with any indication, however, of why he could not have asserted his other four ineffective assistance claims in this petition. Accordingly, we deem the four ineffective assistance of counsel claims (claims 1-4) not included in his PCRA petition to be procedurally defaulted.

We turn now to Petitioner's final two claims: that his confession was obtained in violation of his due process rights and his right to the effective assistance of counsel in that (7) he had been hospitalized for a suicide attempt hours before the confession and that (8) he had

---

[8] Clearly, Rivera did not waive his right to PCRA review, as he has filed three PCRA petitions. *See* St. Ct. Docs. 33, 46, 54. Accordingly, this narrow exception permitting ineffective claims to be raised on direct appeal is unavailable to Petitioner.

been denied a request for counsel prior to the confession. Petitioner asserts the same explanation for his failure to properly exhaust these claims, stating in his Petition that "Counsel failed to file direct appeal as instructed by Petitioner. Petitioner sought nunc pro tunc restoration of appellate rights but was denied." (Pet. at 9,11.) Conceivably, this argument could establish "cause" for these claims, as unlike the claims of ineffective assistance, these claims could have been raised on direct appeal. However, we are unable to accept this argument as "cause" to excuse the procedural default. For discussed *infra* in Section III.C.4, we accept the Superior Court's determination that counsel was not ineffective for failing to file an appeal as Rivera failed to present evidence, other than his own assertions, that he requested counsel do so and the record otherwise supports Respondent's position. Thus, counsel's failure to file an appeal cannot constitute "cause" to excuse the procedural default of these claims.

Moreover, Petitioner has failed to establish "prejudice" or persuade us that a failure to consider these claims would result in a "miscarriage of justice." *Coleman* 501 U.S. at 750. He has provided no argument in his papers, nor are we able to ascertain, upon an examination of the record, any evidence that a failure to consider these claims will result in "prejudice" or a "fundamental miscarriage of justice." *Id*. We note that both of these claims pertain to Rivera's confession, which was never used against Petitioner at trial, as he opted to enter into a guilty plea. During his guilty plea colloquy, the following exchange occurred:

> The Court: Have you gone over the discovery with him?
> [Defense Counsel]: The hallmark of the discovery we've talked about. Particularly the issue is the statement by Mr. Rivera in which he admits to his conduct, we've reviewed, yes.
> The Court: And you understand that you're giving up the right to challenge whether or not that statement was admissible?
> [Rivera]: Yes.

(N.T. 12/4/07 p. 18.)  Thus, Petitioner acknowledged that in agreeing to plead guilty, he was waiving the right to make the very claims he now asserts.  In that these claims have been procedurally defaulted and Rivera has failed to establish "cause" and "prejudice" or that failure to review these claims will result in a "fundamental miscarriage of justice," we are precluded from reviewing the two claims pertaining to his confession (claims 7-8).  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  We will now turn to an analysis of the two claims which Rivera properly exhausted in state court.

### C. Properly Raised Claims

The two claims that Petitioner has properly exhausted are his ineffective assistance claims (5) for threatening to abandon petitioner if he did not plead guilty, and (6) for failing to file an appeal.  To evaluate these claims, we first set out the legal standards for issuance of the writ and for ineffective assistance of counsel.

### 1. Standard for Issuance of the Writ

In cases where the claims presented in the federal habeas petition were adjudicated on the merits in the state courts, the federal court shall not grant habeas relief unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has made clear that a habeas writ may issue under the "contrary to" clause of § 2254(d)(1) if the "state court applies a rule different from the governing rule set forth in [United States Supreme Court] cases or if [the state court] decides a case differently than [the

United States Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A writ may issue under the "unreasonable application" clause only where there has been a correct identification of a legal principle from the Supreme Court but the state court "unreasonably applies it to the facts of the particular case." *Id.* This requires the petitioner to demonstrate that the state court's analysis was "objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). When assessing the reasonableness of the state court's application of clearly established federal law to the claim that was before it, the federal court's review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. --- , 131 S. Ct. 1388, 1398 (2011).

## 2.       Standard for Ineffective Assistance of Counsel

The Supreme Court's standard for claims of ineffective assistance of counsel in violation of the Sixth Amendment is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and has been reaffirmed consistently since. Pursuant to *Strickland*, counsel is presumed to have acted effectively unless the petitioner can demonstrate both that "counsel's representation fell below an objective standard of reasonableness" and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 686-88, 693-94. To satisfy the deficient performance prong of this analysis, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. --- , 131 S. Ct. 770, 778 (2011) (quoting *Strickland*, 466 U.S. at 687). In considering this part of the standard, the reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.*

(quoting *Strickland*, 466 U.S. at 689). The Court recognizes that there are "countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id*. at 778-89 (quoting *Strickland*, 466 U.S. at 689). In assessing whether counsel performed deficiently, the court must "reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Id*. at 779 (quoting *Strickland*, 466 U.S. at 689). "[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Id*. at 791. We now turn to Petitioner's claims.

### 3.    Alleged Threat to Abandon Petitioner

Rivera claims that trial counsel was ineffective in that he threatened that he would abandon Petitioner if Petitioner did not plead guilty, thereby inducing a plea that was not intelligently or voluntarily made. (Pet. at 8.) The state court considered this claim on PCRA. As set out in the PCRA court's slip opinion, it is presumed under Pennsylvania law that counsel has rendered effective assistance and to overcome this presumption, a criminal defendant must establish that: (1) the underlying claim is of arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate defendant's interest; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Rivera*, No. 3301 EDA 2009 slip opin. at 6 (Bucks Ct. Com. Pl. Mar. 19, 2010) (citing *Commonwealth v. Taylor*, 933 A.2d 1035, 1041-42 (Pa. Super. Ct. 2007)) [St. Ct. Rec. Doc. 44].

The court then referred to Petitioner's guilty plea colloquy, where he stated that he was pleading guilty voluntarily and of his own free will and affirmed that no one had made any threats to him in order to force him to plead guilty. *Commonwealth v. Rivera*, No. 3301 EDA

2009 slip opin. at 6 (Bucks Ct. Com. Pl. Mar. 19, 2010) [St. Ct. Rec. Doc. 44.] (citing N.T. 12/4/07 pp. 2-3). It noted that Rivera stated twice that he was satisfied with the representation provided by his attorney. *Id.* (citing N.T. 12/4/07 at pp. 7-8, 17-18.) Additionally, the court cited counsel's own colloquy of Rivera regarding his representation, where the following was stated:

> DEFENSE COUNSEL: And so far as you sit here today, Mr. Rivera, are you satisfied with the way I've represented you?
> DEFENDANT: I am.
> DEFENSE COUNSEL: And do you think I've spent sufficient time with you to talk about the case and additional time now as we prepared for sentencing and evaluations down the road?
> DEFENDANT: Yeah, I trust you.

*Id.* (citing N.T. 12/4/07, pp. 17-18).

The PCRA Court thus determined that Petitioner's assertions that he was threatened to plead guilty were not credible. It noted that Petitioner had the burden of proving that his prior counsel threatened him, and he had not satisfied that burden. Thus it rejected this claim.

On appeal, the Superior Court affirmed, reiterating that Rivera, at the time of the entry of the plea, affirmed that he was satisfied with trial counsel's representation and that no one threatened him or forced him into the plea. *Commonwealth v. Rivera,* No. 3301 EDA 2009, slip opin. at 6 (Pa. Super Ct. May 24, 2011) [St. Ct. Doc. No. 55] (citing N.T. 12/4/07, at 2, 17.) The court further noted that although Rivera testified to the contrary at his PCRA hearing, "it is for the trier of fact to make credibility determinations where there is conflicting evidence." *Id.* (citing *Commonwealth v. Pruitt*, 951 A.2d 307, 313 (Pa. 2008)). Thus, in light of the PCRA court's credibility assessment, the Superior Court determined that this claim lacked merit.

We find nothing "objectively unreasonable" in the state courts' evaluation of this claim. In his guilty plea colloquy, Rivera affirmed that he was pleading guilty of his own free will and

affirmed that no one had made any threats to him in order to force him to plead guilty. *See* N.T. 12/4/07 pp. 2-3. In light of that declaration, as well as the absence of any evidence to the contrary, other than Petitioner's own statements, we are not persuaded that counsel threatened to abandon Petitioner. Our conclusion that this claim does not warrant habeas relief is further supported by the "doubly" deferential standard with which we are to evaluate state court's conclusions on ineffectiveness claims. See *Knowles v. Mirzayance*, 566 U.S. 111, 123 (2009). See also *Harrington v. Richter*, -- U.S. ---, 131 S. Ct. 770, 788 (2011). Accordingly, we are unable to recommend that habeas relief be granted upon this claim.

### 4.     Ineffective Assistance of Counsel for Failure to File an Appeal

Petitioner claims that trial counsel was ineffective for failing to file a direct appeal on his behalf to the Superior Court. (Pet. at 8.) In consideration of this claim, the PCRA Court noted that the unjustified failure to file a requested direct appeal is ineffective assistance of counsel per se. *Commonwealth v. Rivera*, No. 3301 EDA 2009 slip opin. at 8 (Bucks Ct. Com. Pl. Mar. 19, 2010) [St. Ct. Rec. Doc. D 44.] However, it added that a Petitioner must prove that he requested an appeal and that counsel disregarded that request. *Id.* (citing *Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. Ct. 2006)). In order to meet this burden, the court explained that the Petitioner must plead and present evidence to the court that he, in fact, requested counsel to pursue a direct appeal within the requisite time period and that the request was ignored or rejected by trial counsel. *Id.* (citing *Commonwealth v. Collins*, 687 A.2d 1112, 1115 (Pa. 1996)). The court noted that a mere allegation is insufficient to prove that counsel ignored a petitioner's request to file an appeal. *Id.* (citing *Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa. Super. Ct. 2006)).

The court found that Petitioner failed to satisfy this burden. *Commonwealth v. Rivera*, No. 3301 EDA 2009 slip opin. at 9 (Bucks Ct. Com. Pl. Mar. 19, 2010) [St. Ct. Rec. Doc. D 44]. It noted that during the PCRA hearing, Petitioner testified that he asked trial counsel to file a direct appeal on his behalf and that he believed he made this request after the reconsideration hearing. *Id*. (citing N.T. 10/29/09, pp. 11-14, 37). At this same hearing, counsel testified that Petitioner never asked him to file an appeal. *Id.* (citing N.T. 10/30/09, pp. 24-26, 35-36). The court found counsel's statements to be credible and thus found that Petitioner failed to meet his burden of proving that he did in fact request that counsel file an appeal. Thus, it determined this claim was without merit.

On appeal, the Superior Court affirmed the decision of the PCRA Court. It noted that at the PCRA hearing, trial counsel testified that he and Rivera discussed filing a motion for reconsideration after the entry of judgment of sentence and that he did file such a motion. *Commonwealth v. Rivera,* No. 3301 EDA 2009, slip opin. at 6 (Pa. Super Ct. May 24, 2011) [St. Ct. Doc. 55] (citing N.T. 10/30/09 at 22). It added that Rivera's counsel testified that he did not remember Rivera asking him to file a direct appeal, and that he never received a written request from Rivera asking that a direct appeal be filed. *Id*. (citing N.T. 10/30/09 at 24). Moreover, the court noted that counsel testified that he informed Rivera that by pleading guilty, he would be giving up the right to raise most issues on direct appeal, but that if Rivera felt that trial counsel erred in any way, he should file a PCRA petition. *Id*. The court concluded that this testimony was sufficient to support the PCRA court's denial of this claim. It affirmed that decision, agreeing that this claim was without merit. *Id*.

We find nothing unreasonable with the state court's treatment of this claim. We again note that we are to evaluate state courts' determinations of ineffectiveness claims under a

"doubly" deferential standard. *See Knowles v. Mirzayance*, 566 U.S. 111, 123 (2009). *See also Harrington v. Richter*, -- U.S. ---, 131 S. Ct. 770, 788 (2011). We must defer to the state courts' judgment, in that it had the benefit of evaluating the credibility of the testimony of both Petitioner and his trial counsel at the PCRA hearing. Other than his own statements, Petitioner has provided us with no additional evidence that he did in fact request that his counsel file a direct appeal of his conviction on his behalf. Accordingly, we conclude that the Superior Court's analysis was neither contrary to clearly established federal law nor an unreasonable determination of the facts. Thus, we are unable to recommend that habeas relief be granted on this claim.

## III.    CONCLUSION

For the reasons set out above, we believe that Rivera's petition should be dismissed as to claims 1-4 and 7-8. Rivera failed to properly exhaust six out of the eight claims he raises in his current petition. These claims are thus procedurally defaulted and he has failed to persuade us that "cause" and "prejudice" exists or that failure to consider these claims will result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Accordingly, we are precluded from review of those six claims. We further recommend that claims 5 and 6 be denied on the merits. These two claims, which were "fairly presented" to the state court, were not rejected "contrary to" federal law or based on "unreasonable determinations of facts." *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (claims must be fairly presented to state courts); 28 U.S.C. § 2254(d). Accordingly, we cannot recommend that habeas relief be granted. Further, Petitioner has failed to convince us that his petition warrants further development through an evidentiary hearing or that the interests of justice require that counsel be appointed. *See* 18 U.S.C. § 3006A.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district court judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. A COA should not issue unless the petitioner demonstrates that jurists of reason would find it to be debatable whether the petition states a valid claim for the denial of a constitutional right. As to claims that are dismissed on procedural grounds, the petitioner bears the additional burden of showing that jurors of reason would also debate the correctness of the procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, for the reasons set forth above, we do not believe a reasonable jurist would find the Court to have erred in dismissing the present petition or that reasonable jurists would debate our conclusion that the several of Rivera's claims were procedurally defaulted. Accordingly, we do not believe a COA should issue. Our Recommendation follows.

# R E C O M M E N D A T I O N

AND NOW, this 25th day of January, 2013, it is respectfully RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED as to claims 1-4 and 7-8 due to procedural default and DENIED on the merits as to claims 5 and 6. It is FURTHER RECOMMENDED that a certificate of appealability should NOT ISSUE, as we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the correctness of the procedural aspects of this Recommendation debatable.

Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE